[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12602
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cr-00070-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERIEL LAMAR YOUNG,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 2, 2014)

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Teriel Lamar Young appeals his 188-month sentence after pleading guilty to four counts of distributing cocaine and cocaine base, all in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The presentence investigation report (PSI) determined that Young qualified as a career offender under U.S.S.G. § 4B1.1. At the sentencing hearing, Young argued that the career offender guideline range imposed penalties that were too high given the relatively low severity of his predicate offenses.[1]

Young also objected to the PSI's two-level use-of-violence enhancement for striking a police dog. The district court assumed, for the purposes of sentencing, that the enhancement did not apply, but noted that this did not change his applicable guideline range because of Young's career offender designation. The court's written statement of reasons, however, indicated that the PSI was adopted without change.

On appeal, Young argues that the erroneous statement of reasons may affect his eligibility for certain programs in prison and asks that we remand the case for the entry of a judgment consistent with the district court's statements at sentencing. Young also argues that his sentence is procedurally and substantively unreasonable.

---

[1] Two of the four convictions that the PSI relied upon in assigning Young career offender status involved the sale of cocaine or cocaine base for less than twenty dollars.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). When the unambiguous oral pronouncement of a sentence conflicts with the court's written judgment, the oral pronouncement controls. *United States v. Bonilla*, 579 F.3d 1233, 1245 (11th Cir. 2009).

Young's argument that the discrepancy between the district court's written statement of reasons and its oral findings at sentencing constitutes reversible error fails. Although the statement of reasons indicates that the PSI was adopted without change, the court expressly stated that it would evaluate Young's sentence under the assumption that he prevailed on the enhancement objection. Nevertheless, Young is correct that the statement of reasons departs from the district court's statements at sentencing. Young asserts that the PSI's finding of the use of violence could impact some of his prison rights. To that end, we remand to the district court with instructions to update the statement of reasons to conform to the court's oral findings at sentencing.

In reviewing the reasonableness of a sentence, we first ensure that the sentence was procedurally reasonable by checking whether the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly

3

erroneous facts, and adequately explained the chosen sentence.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

Despite Young's assertions to the contrary, the district court expressly considered his arguments regarding the application of the career offender guidelines to his case.  The court acknowledged that the guideline range was not binding upon it, but stated that the particular facts in Young's case, including the consistency of his criminal behavior, dictated that a longer sentence was necessary.  The court calculated the correct guideline range, considered the § 3553(a) factors, did not rely on erroneous facts, and adequately explained its sentence.  Accordingly, Young's sentence was not procedurally unreasonable.

"The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question."  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).  The district court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2).  18 U.S.C. § 3553(a).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing

4

Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  18 U.S.C. § 3553(a)(1), (3)-(7).

The imposition of a sentence well below the statutory maximum penalty is an indicator of reasonableness.  *See Gonzalez* 550 F.3d at 1324 (including the fact that a sentence was well below the statutory maximum among factors contributing to the sentence's reasonableness).  Although we do not apply a presumption of reasonableness for sentences falling within the guidelines range, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).  We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

Young's 188-month sentence was within the applicable guideline range and below the thirty-year statutory maximum.  The court properly considered the § 3553(a) factors, including the frequency and consistency of his offenses in evaluating the need to promote respect for the law, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  Accordingly, we

5

affirm Young's sentence and remand the case with instructions to amend the

statement of reasons to conform to the district court's oral findings at sentencing.

**AFFIRMED.  REMANDED WITH INSTURCTIONS TO AMEND THE STATEMENT OF REASONS.**